## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

BRASHER CLEMONS, individually and on behalf of all
others similarly situated,

Plaintiff,

C.A. No: 4:18-cv-1073

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

-v.-

CAPITAL MANAGEMENT SERVICES, LP and
John Does 1-25,

Defendants.

Plaintiff Brasher Clemons (hereinafter, "Plaintiff" or "Clemons"), a Texas resident, brings this Class Action Complaint by and through her attorneys, The Law Office of Jonathan Kandelshein against Defendant Capital Management Services, LP (hereinafter "Defendant" or "CMS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Harris, residing at 3530 Green Crest Drive, Apt 724, Houston, TX 77082.

8.      Defendant Capital Management Services, LP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 698 ½ South Ogden Street, Buffalo, NY 14206..

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

   a.   all individuals with addresses in the State of Texas;

   b.   to whom Capital Management Services, LP sent a collection letter attempting to collect a consumer debt;

   c.   regarding collection of a debt;

   d.   that deceptively included a statement that a Form 1099-C may be filed for settlement of the debt, when the requirements for this filing will never be met;

e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

17.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **<u>Numerosity:</u>** The Plaintiff is informed and believe, and on that basis alleged, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b.  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and §1692f.

c.  **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.  **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Some time prior to April 7, 2017, an obligation was allegedly incurred by Plaintiff.

23.    The alleged obligation arose out of a transaction involving a Discover Bank debt incurred by Plaintiff in which money, property, insurance or services were the subject of the transaction. The Discover Bank credit card was used to purchase goods that were primarily for personal, family or household purposes.

24.    The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.    The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.    The owner of the obligation contracted the Defendant to collect the alleged debt.

27.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – April 7, 2017 Collection Letter*

28.    On or about April 7, 2017, Defendant sent the Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt.  **See April 7, 2017 Collection Letter – Attached hereto as Exhibit A.**

29.    The letter offered Plaintiff an option to settle the alleged debt for a 31% reduced amount.

30.    The letter stated "Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing."

31.    The total balance due on the debt being collected was $842.50 and the proposed settlement amount was $261.18.

32.    The amount of debt forgiven in this settlement offer was $581.32.

33.    The Notice in the Letter stating that Discover may require that a 1099C form be filed in this case is false as there is no way that the amount of debt forgiveness could reach $600.00.

34.    The inference of the Internal Revenue Service involvement in the Letter only served to scare Plaintiff for fear of tax repercussions and served to overshadow the settlement offer.

35.    A statement that serves to confuse a consumer, and can never apply during this collection is clearly deceptive.

36.    Plaintiff incurred a financial risk of harm as she was afraid to take advantage of the settlement amount for fear of tax consequences which were falsely threatened to her.

37.     The Defendant's false statement invoking the 1099C was, further, misleading and deceptive in that it was materially confusing to Plaintiff who was unaware that she could not possibly incur tax consequences in this instance.

38.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
***et seq.***

39.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.     Defendant violated said section by making a false and misleading representation in violation of §§ 1692e(2), 1692e(5) and 1692e(10).

43.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.**
**§1692f *et seq.***

44.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47.    Defendant violated this section by unfairly and falsely scaring Plaintiff into believing she would be investigated by the IRS is she accepted the settlement offer.

48.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brasher Clemons, individually, and on behalf of all others similarly situated demands judgment from Defendant Capital Management Services, LP as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Kandelshein, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

Dated:  April 4, 2018                    Respectfully Submitted,

**THE LAW OFFICES OF
JONATHAN KANDELSHEIN**

/s/ Jonathan Kandelshein
Jonathan Kandelshein, Esq.
TX Bar No. 24094768
18208 Preston Rd, Ste D-9 #256
Dallas, TX 75252
Ph: (469) 677-7863
Fax: (469) 380-8118
Jonathan.kandelshein@gmail.com
*Attorneys For Plaintiff*